# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mert Duymayan, | Case No. 2:25-cv-00222-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Westland Real Estate Group, | [ECF No. 5] |
| Defendant | |

Pro se plaintiff Mert Duymayan brings this lawsuit against defendant Westland Real Estate Group, in what appears to be a landlord-tenant dispute. Compl., ECF No. 1-1. Because Duymayan applied to proceed *in forma pauperis*, United States Magistrate Judge Elayna J. Youchah screened the complaint but dismissed it for failure to establish jurisdiction and for failure to state a claim. Order, ECF No. 3. Duymayan timely filed his first amended complaint, however, but for minor exceptions, it is identical to the original complaint. ECF No. 4. So Judge Youchah issued a report and recommendation (R&R) that this matter be dismissed without prejudice but without leave to amend. R&R, ECF No. 5. Duymayan had until March 4, 2025, to file any specific, written objections to the R&R. *Id.* at 2–3 (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). To date, no objection, nor request seeking more time, is filed.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---
[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

cases on their merits, and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. As Judge Youchah indicated, Duymayan's amended complaint does not establish jurisdiction, nor does it clearly allege any violation arising under the Constitution, laws, or treaties of the United States. ECF No. 5 at 2. Duymayan's bare allegations, without more, are insufficient to establish diversity jurisdiction under the well-pleaded complaint rule. *See Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (noncompliance with Rule 8(a)(2) may be met with sua sponte dismissal). Although the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate, *Thompson*, 782 F.2d at 831, without jurisdiction, the district court must dismiss the case, *see Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1379 (9th Cir. 1988).

The third factor for consideration, the risk of prejudice to the defendants—albeit a low risk of prejudice to the defendant at this stage because the defendant has not yet been served—also weighs in favor of dismissal. The amended complaint does not include a short and plain statement of the allegations to put the defendant on notice of the claims against them. ECF No. 5 at 2; *see also* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1) (each allegation in a complaint "must be simple, concise, and direct"). Duymayan's vague and conclusory allegations do not provide fair notice of the claims he is presenting and therefore pose a risk because insufficient allegations of facts do not give the defendant "fair notice and enable the opposing party to defend itself effectively." *Whitaker v. Body, Art & Soul Tattoos L.A., LLC*, 840 F. App'x 959 (9th Cir. 2021).

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. But this case cannot move toward resolution, on the merits or otherwise, because Duymayan threadbare recitals of a cause of action do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The fifth factor, the availability of less drastic sanctions, also weighs towards dismissal. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). Stated otherwise, Duymayan amended complaint is unclear and disjointed, and because none of the causes of action appear to be within this court's jurisdiction, there is no lesser alternative to dismissal available here.

In sum, under these circumstances, four of the five factors favor dismissal. So I adopt Judge Youchah's R&R and dismiss this matter without prejudice but without leave to amend.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 5] is adopted in full**, and this case is **dismissed without prejudice but without leave to amend**. The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: March 11, 2025

_____
Cristina D. Silva
United States District Judge